UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA ROBERTS, et al., | CASE NO. 1:12-cv-00724-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY PLAINTIFFS' CASE SHOULD NOT BE RECOMMENDED FOR DISMISSAL FOR FAILURE TO PREPARE A JOINT SCHEDULING REPORT AND FAILURE TO PURSUE SERVICE OF DEFENDANTS** |
| UBS AG, et al., | |
| Defendants. | |
| | **ORDER VACATING SCHEDULING CONFERENCE** |

**I. INTRODUCTION**

On March 12, 2013, the Court issued an order requiring Plaintiffs Nadia Roberts, et al. ("Plaintiffs") to file a statement regarding the status of service of each Defendant named in the Second Amended Complaint. (Doc. 36.) The Court noted that only one executed proof of service had been filed. (Doc. 36.)

On March 14, 2013, Plaintiffs filed a status report indicating that "Plaintiffs have continued their efforts to locate the individuals and also to serve the corporate entities and/or partnerships [who had not been served]. Plaintiffs expect to have the Bermuda entities served

1

within the next thirty days and the Swiss entities served within 30 days subject to Hague Convention Rules."  (Doc. 41, 3:4-9.)  More than thirty (30) days have passed since Plaintiffs filed their status update, and no additional executed proofs of service have been filed.

Additionally, on May 23, 2013, Defendant UBS AG ("UBS") filed a Scheduling Report indicating that Plaintiffs failed to respond to UBS' request to meet and confer and prepare a Joint Scheduling Report.  (Doc. 47, 1:21-25.)

Accordingly, for the reasons set forth below, Plaintiffs are ORDERED TO SHOW CAUSE why their case should not be recommended for dismissal for failure to pursue service of Defendants and failure to prepare a joint scheduling report.  Further, the scheduling conference set for May 30, 2013, is VACATED.

## II.   DISCUSSION

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis omitted) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Frost v. Perry*, 919 F. Supp. 1459 (D. Nev. 1996) (untimely motion stricken by court using inherent powers to control its own docket).  Rule 110 of the Local Rules of the United States District Court, Eastern District of California, provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

On May 4, 2012, the Court issued an Order Setting Mandatory Scheduling Conference that sets forth, in pertinent part, that a "*Joint* Scheduling Report, carefully prepared and executed by all counsel/pro se parties, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference . . ."  (Doc. 10, 2:21-23 (emphasis added).)  The Court's order requires all parties to meet and confer in preparation for the mandatory scheduling conference, and states that if the parties "fail to comply with the directions as set forth above," including the preparation of a Joint Scheduling Report, then "judgment of dismissal, default, or

other appropriate judgment may be entered, including sanctions and contempt of court." (Doc. 10, 6:8-10, 8:17-21 (emphasis omitted).)

A scheduling conference was set for May 30, 2013, (Doc. 42); as such, the parties were required to meet and confer and file a **Joint** Scheduling report by no later than May 23, 2013. (*See* Doc. 10, 2:21-23, 6:8-10.) On that date, UBS filed a unilateral Scheduling Report, indicating that Plaintiffs failed to respond to UBS' request to meet and confer and prepare a Joint Scheduling Report. (Doc. 47, 1:23-24.)

Due to Plaintiffs' failure to timely meet and confer with UBS to prepare a Joint Scheduling Report as ordered by the Court, the May 30, 2013, scheduling conference is VACATED. Further, Plaintiffs are ORDERED TO SHOW CAUSE as to why their case should not be recommended for dismissal for failure to comply with the Court's May 4, 2012, order to meet and confer and participate in the preparation of a Joint Scheduling Report. (Doc. 10.)

Further, Rule 4(m) of the Federal Rules of Civil Procedure require that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 120 days have passed since Plaintiffs' complaint was originally filed on May 3, 2012. (Doc. 2.) Plaintiffs have failed to submit proofs of service for numerous Defendants, despite representing to the Court on March 14, 2013, that service would be executed within thirty (30) days from that time. Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE as to why their case should not be recommended for dismissal for failure to pursue service of Defendants. Further, Plaintiffs SHALL provide a status of service regarding all named Defendants.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Scheduling Conference set for May 30, 2013, is VACATED; and
2. By **no later than June 4, 2013**, Plaintiffs SHOW CAUSE as to why their case should not be recommended for dismissal for:

      a.    Failure to meet and confer with UBS and prepare a Joint Scheduling Report; and

      b.    Failure to pursue service of all named Defendants. Plaintiffs shall provide a status of service regarding all named Defendants.

IT IS SO ORDERED.

Dated: **May 28, 2013**            **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE