# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA ROBERTS, et al., | Case No. 1:12-cv-00724-LJO-SKO |
| Plaintiffs | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | (Docket No. 48) |
| UBS AG, et al., | |
| Defendants. | **ORDER REQUIRING PLAINTIFFS TO FILE NOTICES OF DISMISSAL FOR NON-VIABLE DEFENDANTS** |
| | **ORDER REQUIRING PLAINTIFFS TO FILE PROOFS OF SERVICE OR NOTICES OF DISMISSAL FOR DEFENDANTS SCHUMACHER AND RICKENBACHER** |

## I. INTRODUCTION

On May 28, 2013, the Court ordered Plaintiffs Nadia Roberts, et al. ("Plaintiffs") to show cause as to why their case should not be recommended for dismissal for (1) failure to meet and confer with Defendant UBS AG ("UBS") to prepare a Joint Scheduling Report, and (2) failure to pursue service of all named Defendants. (Doc. 48.) Plaintiffs were further ordered to provide a status of service regarding all named Defendants. (Doc. 48.) On June 4, 2013, Plaintiffs filed a memorandum in response to the Court's Order to Show Cause. (Doc. 49.)

For the reasons set forth below, the Court's May 28, 2013, Order to Show Cause is DISCHARGED.  Plaintiffs are further ORDERED to, within thirty (30) days of the date of this order, file notices of dismissal as to the non-viable named Defendants and file proofs of service or notices of dismissal as to Defendants Hansruedi Schumacher ("Schumacher") and Matthias Rickenbach ("Rickenbach").

## II.   DISCUSSION

The Court's May 28, 2013, Order to Show Cause required Plaintiffs to show cause why their case should not be recommended for dismissal due to Plaintiffs' counsel's failure to meet and confer to prepare a Joint Scheduling Report prior to the May 30, 2013, scheduling conference. Plaintiffs' counsel asserts that he had met and conferred on a prior Joint Scheduling Report filed in anticipation of March 13, 2013, scheduling conference that had been continued by the Court due to the UBS' pending Motion to Dismiss.  (*See* Docs. 37; 42; 49, 4:12-22.)  Plaintiff's counsel states that he believed that the prior report was sufficient for the May 30, 2013, scheduling conference because the "proposed scheduling dates were identical and the only substantive changes to UBS' unilaterally filed report pertained to reducing contested issues based on the dismissal of most claims."  (Doc. 49, 4:17-22.)  Plaintiffs' counsel further asserts that he also failed to meet and confer due to calendaring errors made by his former legal assistant.  (Doc. 49, 2:14-18.)

The Court finds it perplexing that Plaintiffs' counsel believed that a Joint Scheduling Report was not required for the May 30, 2013, scheduling conference, since the Court's March 15, 2013, order specifically states, "Defendant UBS having filed a Motion to Dismiss [38], the Scheduling Conference currently set for 3/19/2013, is CONTINUED to 5/30/2013, at 09:15 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.  *The parties' joint scheduling report shall be filed by no later than 5/23/2013*."  (emphasis added).  The Court, however, accepts Plaintiffs' counsel's explanation that a calendaring error also occurred, which caused Plaintiffs' counsel to miss the deadline to meet and confer and file a joint statement, and finds that dismissal of the action at this time is not warranted.

Plaintiffs' counsel is cautioned, however, that **further failure to comply with Court orders may result in dismissal of this action**.  *See Hernandez v. City of El Monte*, 138 F.3d 393,

1  398 (9th Cir. 1998) ("District courts have inherent power to control their dockets and may impose
2  sanctions, including dismissal, in the exercise of that discretion."); Rule 110 of the Local Rules of
3  the United States District Court, Eastern District of California ("Failure of counsel or of a party to
4  comply with these Rules or with any order of the Court may be grounds for imposition by the
5  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
6  Court.").

7  The Court's May 28, 2013, Order to Show Cause also required Plaintiffs to show cause
8  why their case should not be recommended for dismissal due to Plaintiffs' failure to pursue service
9  of all named Defendants and required Plaintiffs to provide a status of service.  Plaintiffs indicate
10 that due to the Court's ruling on UBS' Motion to Dismiss (Doc. 45), "all co-defendants, except
11 UBS AG employees Schumacher and Rickenbach, are no longer viable defendants.  Accordingly,
12 Plaintiffs should file dismissals as to these co-defendants."  (Doc. 49, 4:6-9.)  Plaintiffs do not
13 explain why they have not yet filed dismissals or when dismissals will be filed.  Further, Plaintiffs
14 do not indicate when they plan to serve Defendants Schumacher and Rickenbach despite having
15 represented to the Court on March 14, 2013, that service on all Defendants would be executed
16 within thirty (30) days from that time.  (Doc. 41.)  Plaintiffs merely state that Defendants
17 Schumacher and Rickenbach have "yet to be located."  (Doc. 49, 4:11.)

18 Plaintiffs were informed in the Court's May 28, 2013, Order to Show Cause that "Rule
19 4(m) of the Federal Rules of Civil Procedure requires that '[i]f a defendant is not served within
20 120 days after the complaint is filed, the court – on motion or on its own after notice to the
21 plaintiff – must dismiss the action without prejudice against that defendant or order that service be
22 made within a specified time.'" (Doc. 48, 3:13-16 (citing Fed. R. Civ. P. 4(m).)  The Court noted
23 that more than 120 days had passed since Plaintiffs' complaint was originally filed on May 3,
24 2012; further, more than 120 days have passed since the first amended complaint was filed on
25 December 13, 2012.  (Docs. 2, 24.)

26 Plaintiffs will be afforded one last opportunity to serve or dismiss Defendants.  Within
27 thirty (30) days of the date of this order, Plaintiffs *shall* dismiss the non-viable Defendants who
28 Plaintiffs do not plan on serving, and *shall* either serve or dismiss Defendants Schumacher and

Rickenbach. **Failure to comply with this order may result in dismissal of these Defendants pursuant to Rule 4(m)**.

As such, due Plaintiffs' counsel's calendaring issues and to provide Plaintiffs with an additional opportunity to serve Defendants, the Court's May 28, 2013, Order to Show Cause is DISCHARGED.[1]

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's May 28, 2013, Order to Show Cause is DISCHARGED; and
2. Within thirty (30) days of the date of this order, Plaintiffs shall:
   a. File Notices of Dismissal of the non-viable Defendants; and
   b. File Proofs of Service or Notices of Dismissal for Defendants Schumacher and Rickenbach.

IT IS SO ORDERED.

Dated:   **July 3, 2013**              **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs requested that the Court to set a scheduling conference in this case. (Doc. 49, 6:4-6.) However, a scheduling conference cannot be set until all Defendants have been served and appeared (or failed to appear). As such, this case cannot proceed until Plaintiffs serve or dismiss all remaining Defendants.